IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENN OUTDOOR SERVICES LLC** : | **CIVIL ACTION** |
| *Plaintiff* : | |
| : | **NO. 17-2791** |
| **v.** : | |
| : | |
| **JK CONSULTANTS** : | |
| *Defendant* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                           AUGUST 10, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Penn Outdoor Services LLC ("Plaintiff") commenced this declaratory judgment action by filing a complaint against Defendant JK Consultants ("Defendant"), seeking a declaration that an agreement signed by the parties in August 2016 (the "Search Agreement") is not an enforceable contract because it lacks essential terms, including, the time for and manner of performance. [ECF 1]. Before this Court is Defendant's *motion to compel arbitration* filed pursuant to and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* and Federal Rule of Civil Procedure ("Rule") 12(b)(6). In the motion, Defendant argues that Plaintiff should be compelled to submit the dispute raised in the declaratory judgment complaint to arbitration consistent with the inclusion of an arbitration provision in the Search Agreement. [ECF 15]. Plaintiff has opposed the motion. [ECF 16]. The issues raised by the parties have been fully briefed and are ripe for disposition.[1] For the reasons stated herein, Defendant's motion to compel arbitration is granted**.**

---

[1]        This Court also considered Defendant's reply. [ECF 17].

**FACTUAL AND PROCEDURAL BACKGROUND**[2]

The following is a summary of undisputed facts elicited from the complaint which are pertinent to the motion to compel arbitration:

> Plaintiff is a limited liability company engaged in the business of commercial landscaping and snow removal, and is headquartered in Pennsylvania. (Compl. at ¶1). Defendant is a corporation licensed to operate under the laws of California, engaged primarily as an employment recruiter. (*Id*. at ¶2).
>
> In July 2016, Plaintiff contacted Defendant for assistance in filling a vacant position for an account executive. (*Id.* at ¶7). In response to the contact, Defendant forwarded to Plaintiff a one-page document titled "Search Agreement." (*Id*. at ¶8). On August 4, 2016, Plaintiff and Defendant signed the Search Agreement. (*Id*. at ¶9). A copy of the Search Agreement is attached to Plaintiff's complaint as Exhibit A. (*Id*. at 8).
>
> Plaintiff contends that Defendant never provided Plaintiff qualified candidates to fill its various vacant positions. (*Id*. at ¶11). Rather, Plaintiff filled its vacant positions with internal candidates. (*Id*. at ¶¶12-13). Notwithstanding Defendant's failure to forward qualified candidates, Defendant sent Plaintiff an invoice as if Defendant had filled three of Plaintiff's positions. (*Id*. at ¶14).
>
> In the declaratory judgment complaint, Plaintiff contends that the Search Agreement is invalid and/or unenforceable because it lacks essential terms. (*Id*. at ¶¶15-19). Plaintiff seeks a declaration in its favor that "there is no Contract between the parties." (*Id*.).
>
> The Search Agreement contains an arbitration provision which provides that: "Any dispute will be resolved in binding arbitration by JAMA or AAA in or near Tuolumne County, California." (*Id*. at Ex. A). Notably, the complaint is silent with respect to the arbitration provision.

As noted, Defendant has responded to the declaratory judgment complaint with a motion to compel arbitration, in which Defendant argues that Plaintiff's declaratory judgment action is subject to the arbitration provision in the Search Agreement. Specifically, Defendant argues that because Plaintiff's declaratory judgment complaint merely seeks to invalidate the Search

---

[2] For purposes of the underlying motion, this Court will construe the facts and evidence in the light most favorable to the non-movant, Plaintiff.

Agreement as a whole, and does not assert any specific challenge to the arbitration provision itself contained therein, the dispute is subject to arbitration. Plaintiff disagrees.

**LEGAL STANDARDS**

Where the "affirmative defense of arbitrability of claims is apparent on the face of the complaint (or documents relied upon in the complaint), the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 774 (3d Cir. 2013). Where arbitrability is not so apparent, "the issue should be judged under the Rule 56 standard." *Id*. Here, the issue of arbitrability is apparent from the face of Plaintiff's complaint because Plaintiff's claim is dependent on the Search Agreement; the Search Agreement is attached to Plaintiff's complaint as an exhibit; and the Search Agreement contains the arbitration provision at issue. Accordingly, this Court will apply the Rule 12(b)(6) motion to dismiss standard.

Under the applicable Rule 12(b)(6) standard, this Court must "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id*. (citation and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 570). Viewing the facts under this standard, a motion to compel arbitration will be granted "only where there is no genuine issue of fact concerning the formation of the agreement to arbitrate." *Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 159 (3d Cir. 2009) (internal quotation marks omitted).

**DISCUSSION**

In its motion to compel arbitration, Defendant argues that Plaintiff's underlying declaratory judgment action must be submitted to binding arbitration pursuant to the arbitration provision contained in the parties' Search Agreement because Plaintiff's declaratory judgment complaint challenges only the validity of the Search Agreement as a whole, and does not challenge the arbitration provision directly. This Court agrees.

As Defendant argues, the issue raised herein by the parties was resolved by the United States Supreme Court in *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440 (2006). In *Buckeye*, the plaintiffs brought a putative class action alleging that the defendant had charged usurious interest rates and that the lending agreements imposing these rates violated various lending and consumer protection laws. *Id*. at 443. The defendant moved to compel arbitration of the dispute based on arbitration provisions contained in the lending agreements. *Id*. at 442. The Supreme

Court held that because the plaintiff's claims attacked the validity of the lending agreements themselves, and did not specifically challenge the arbitration provisions contained therein, the matter must be determined by the arbitrator in the first instance, and not by the court. *Id*. at 446. The Supreme Court directed that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449; *see also Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 180 n.4 (3d Cir. 2010) (citing *Buckeye* and holding that a challenge to "the validity of the contract as a whole, as opposed to the arbitration clause in particular, does not present a question of arbitrability."); *accord Rent–A–Center v. Jackson,* 561 U.S. 63, 70 (2010). The Supreme Court's reasoning was premised on its conclusion that regardless of whether a contract as a whole is valid, agreements to arbitrate are severable from a larger contract, and may therefore be separately enforced and their validity separately determined. *Rent–A–Center,* 561 U.S. at 70. Thus, in order to qualify as a question of arbitrability that the court may consider, the challenge must "relat[e] to the making and performance of *the agreement to arbitrate*," and not to the agreement containing the agreement to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967) (emphasis added).

Here, in its declaratory judgment complaint and responsive documents, Plaintiff has presented no challenge to the arbitration provision contained in the Search Agreement. Rather, Plaintiff directs its challenge solely to the validity of the Search Agreement as a whole. Consistent with the reasoning of *Buckeye*, this Court finds that Plaintiff's declaratory judgment action against Defendant (seeking a declaration invalidating the contract as a whole) must be heard by an arbitrator. Therefore, Defendant's motion to compel arbitration is granted and this case is stayed pending arbitration.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to compel arbitration is granted. Therefore, this matter is stayed pending arbitration. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.